IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., | Civil Action No. 18-1600-MN |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| ELEKTA AB, ELEKTA HOLDINGS U.S., INC., ELEKTA INC., ELEKTA LTD., AND IMPAC MEDICAL SYSTEMS, INC., | |
| Defendants. | |

OPENING BRIEF IN SUPPORT OF DEFENDANTS ELEKTA
AB'S AND ELEKTA LIMITED'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

*Of Counsel:*

Ronald S. Lemieux
Tamara D. Fraizer
Vid R. Bhakar
Squire Patton Boggs (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, CA  94304-1216
(650) 856-6500

Theresa A. Rakocy
Squire Patton Boggs (US) LLP
4900 Key Tower 127 Public Square
Cleveland, OH  44114
(216) 479-8500

Dated:  February 6, 2019

ASHBY & GEDDES
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II. SUMMARY OF THE ARGUMENT ................................................................................ 1

III. STATEMENT OF FACTS ............................................................................................... 2

IV. ARGUMENT .................................................................................................................... 3

    A. Legal Standards ................................................................................................... 3

    B. Neither Elekta AB nor Elekta Limited Is Subject to General Personal Jurisdiction in Delaware ...................................................................................... 6

    C. Neither Elekta AB Nor Elekta Limited is Subject to Specific Personal Jurisdiction in Delaware ...................................................................................... 8

V. CONCLUSION ............................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acorda Therapeutics, Inc. v. Mylan Pharms. Inc.*,
   78 F. Supp. 3d 572 (D. Del. 2015), *aff'd*, 817 F.3d 755 (Fed. Cir. 2016) ..................7

*Akro Corp. v. Luker*,
   45 F.3d 1541 (Fed. Cir. 1995)..............................................................................3

*Avocent Huntsville Corp. v. ATEN Int'l Co.*,
   552 F.3d 1324 (Fed. Cir. 2008)....................................................................3, 4, 5, 7

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558 (Fed. Cir. 1994)..............................................................................3

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)....................................................................................5, 7, 8

*D'Jamoos v. Pilatus Aircraft Ltd.*,
   566 F.3d 94 (3d Cir. 2009)..................................................................................4

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014).........................................................................................6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984)...........................................................................................4

*Hercules Inc. v. Leu Trust and Banking Ltd.*,
   611 A.2d 476 (Del.1992) ....................................................................................4

*IMO Indus., Inc. v. Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998)................................................................................5

*Inamed Corp. v. Kuzmak*,
   249 F.3d 1356 (Fed. Cir. 2001)...........................................................................4

*Int'l Shoe Co. Washington*,
   326 U.S. 310 (1945)...........................................................................................4

*LaSala v. Marfin Popular Bank Pub. Co.*,
   410 F. App'x 474 (3d Cir. 2011) .........................................................................8

*MacQueen v. Hunting Ingalls, Inc.*,
   134 F. Supp. 3d 803 (D. Del. 2015).....................................................................5

# TABLE OF AUTHORITIES
(continued)

Page

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*,
   960 F.2d 1217 (3d Cir. 1992)...............................................................................5

*Merck & Co., Inc. v. Barr Labs., Inc.*,
   179 F. Supp. 2d 368 (D. Del. 2002).......................................................................4

*O'Connor v. Sandy Lane Hotel Co.*,
   496 F.3d 312 (3d Cir. 2007).............................................................................8, 9

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*,
   819 F.2d 434 (3d Cir. 1987).............................................................................5, 6

*Silent Drive, Inc. v. Strong Indus., Inc.*,
   326 F.3d 1194 (Fed. Cir. 2003).........................................................................4, 5

*Time Share Vacation Club v. Atlantic Records, Ltd.*,
   735 F.2d 61 (3d Cir. 1984)....................................................................................5

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980).............................................................................................4

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(2) ....................................................................1, 5

I.      **NATURE AND STAGE OF THE PROCEEDINGS**

This is a patent infringement case. In its original Complaint (D.I. 1) filed October 15, 2018, Best Medical International Inc. ("Best Medical") asserted that five Defendants – (i) Elekta AB, (ii) Elekta Limited, (iii) Elekta Holdings U.S. Inc. ("Holdings"), (iv) Elekta Inc. and (v) IMPAC Medical Systems, Inc. ("IMPAC") – infringe three of its patents on radiotherapy treatment planning. In its First Amended Complaint (D.I. 9) ("FAC") filed November 5, 2019, Best Medical added allegations of infringement of a fourth patent. By Stipulation (D.I. 8) filed the same day, the foreign defendants – Elekta AB and Elekta Limited – agreed to waive service of the FAC, preserving their right to object to personal jurisdiction, in exchange for Best Medical's agreement to extend the date for all of the Defendants to respond to the FAC by February 6, 2019. No Defendant has yet responded to the FAC.

II.     **SUMMARY OF THE ARGUMENT**

Under well-established precedent, this Court cannot exercise personal jurisdiction over the two foreign defendants identified in the FAC, Elekta AB, and Elekta Limited (collectively the "Foreign Defendants.") The Foreign Defendants respectfully request that the Court dismiss Best Medical's claims against them under Rule 12(b)(2) because neither Elekta AB nor Elekta Limited has any contacts with Delaware that are sufficient to support the exercise of personal jurisdiction over them.

(1)  Elekta AB is a Swedish company that maintains its headquarters and offices in Stockholm, Sweden, and does not have a systematic, substantial, and continuous presence in Delaware. Elekta AB does not conduct business involving the accused products in Delaware, has no employees in Delaware, does not design, manufacture, sell, import, or export the accused products in or out of Delaware, and does not maintain any offices or other facilities in Delaware. Elekta AB has its own Board of Directors that is separate from any other Elekta entity.

(2) Elekta Limited is a company incorporated in the United Kingdom that maintains its headquarters and offices in Crawley, England, and does not have a systematic, substantial, and continuous presence in Delaware. Elekta Limited does not conduct business involving the accused products in Delaware, does not engage in the design, manufacture, sale, import or export of any of the accused products in Delaware, and does not have any offices, facilities, or employees in Delaware. As with Elekta AB, Elekta Limited maintains its own separate Board of Directors.

In view of the facts provided in support of this motion, the Foreign Defendants respectfully suggest that Best Medical cannot satisfy its burden of demonstrating the existence of a basis for the Court to exercise personal jurisdiction, either specific or general, over Elekta AB or Elekta Limited and that the claims against them should be dismissed.

### III.   STATEMENT OF FACTS

Elekta AB is a corporation formed under the laws of the Sweden with its headquarters and principal place of business in Stockholm, Sweden. *Declaration of Jonas Bolander in Support of Elekta AB's and Elekta Limited's Motion to Dismiss for Lack of Personal Jurisdiction* ("Bolander Decl.") at ¶¶2-3. Elekta AB has no offices or facilities in Delaware and no employees who live in Delaware. Bolander Decl. at ¶4. Elekta AB does not conduct any business in Delaware related to the accused products, maintains no bank accounts in Delaware, and neither exports from, nor imports to any locations in Delaware. Bolander Decl. at ¶5, ¶8, ¶¶11-12, and ¶¶14-15. Elekta AB does not design, manufacture, sell, or distribute the accused products in this case and maintains a workforce separate from the other Elekta entities. Bolander Decl. at ¶6 ¶10, and ¶¶14-15. Elekta AB does not own or lease any real property in Delaware, and does not contract for or advertise any physical presence in Delaware. Bolander Decl. at ¶¶4-5,¶12, and ¶15. Elekta AB maintains its own Board of Directors separate from the other Elekta entities and

there are no overlapping individuals who have day-to-day operational responsibility for Elekta AB and any other Elekta entity. Bolander Decl. at ¶9 and ¶12.

Elekta Limited is a corporation formed under the laws of the United Kingdom with its headquarters and principal place of business in Crawley, England. *Declaration of Steven Wort in Support of Elekta AB's and Elekta Limited's Motion to Dismiss for Lack of Personal Jurisdiction* ("Wort Decl.") at ¶¶2-3). Elekta Limited has no offices or facilities in Delaware and no employees who live in Delaware. Wort Decl. at ¶4. Elekta Limited does not conduct any business related to the accused products in Delaware, maintains no bank accounts in Delaware, and does not export or import any of the accused products to or from Delaware. Wort Decl. at ¶5, ¶8, ¶¶11-14. Elekta Limited maintains a workforce separate from the other Elekta entities, does not own or lease any real property in Delaware, and does not contract for or advertise any physical presence in Delaware. Wort Decl. at ¶¶4-5, ¶10, and ¶14. Elekta Limited maintains its own Board of Directors separate from the other Elekta entities, and there are no overlapping individuals who have day-to-day operational responsibility for both Elekta Limited and any other Elekta entity. Wort Decl. at ¶9 and ¶12.

IV.   **ARGUMENT**

    A.   **Legal Standards**

Personal jurisdiction in patent cases is governed by Federal Circuit law because the jurisdictional issue is "intimately involved with the substance of the patent laws." *Avocent Huntsville Corp. v. ATEN Int'l Co.,* 552 F.3d 1324, 1328 (Fed. Cir. 2008) (citing *Akro Corp. v. Luker,* 45 F.3d 1541, 1543 (Fed. Cir. 1995)); *see also Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1565 (Fed. Cir. 1994) ("Under circumstances such as these, we have held we owe no special deference to regional circuit law.")

"Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Avocent,* 552 F.3d at 1329 (citing *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1359 (Fed. Cir. 2001)). The Delaware long-arm statute has been construed "broadly to confer jurisdiction to the maximum extent possible under the Due Process Clause." *Merck & Co., Inc. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 372 (D. Del. 2002) (citing *Hercules Inc. v. Leu Trust and Banking Ltd.,* 611 A.2d 476, 480-81 (Del.1992)). The focus therefore rests on the constitutional due process analysis.

To satisfy Due Process requirements, the plaintiff must establish sufficient minimum contacts between the non-resident defendant and the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. Washington*, 326 U.S. 310, 316 (1945). The plaintiff must show that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," such that defendant should "reasonably anticipate being hauled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009).

To exercise *general* personal jurisdiction consistent with due process, the defendant must have "'continuous and systematic' contacts with the forum state . . . [such that personal jurisdiction is permissible] even when the cause of action has no relationship with those contacts." *Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1200 (Fed. Cir. 2003) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-16 (1984)). To establish the minimum contacts necessary to establish general personal jurisdiction, plaintiffs bear a high burden. Specifically, where a plaintiff's claims do not arise out of or relate to the defendant's

contacts with the forum State, the Court "must explore the nature of [the defendant's] contacts with the [forum State] to determine whether they constitute ... *continuous and systematic* general business contacts." *Avocent*, 552 F.3d at 1330 (quoting H*elicopteros* 466 U.S. at 415-16, (emphasis added)).

To exercise personal jurisdiction consistent with due process under the alternative standard of *specific* or limited personal jurisdiction, the plaintiff's causes of action must have arisen out of or relate to activities by the defendant within the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).

When a defendant challenges personal jurisdiction under Rule 12(b)(2) in a patent case, the plaintiff has the burden of establishing that the court has personal jurisdiction. *Silent Drive*, 326 F.3d at 1201; s*ee also IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998); *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). To satisfy this requirement, the plaintiff must establish a prima facie case based on the pleadings and affidavits sufficient to demonstrate that the court has personal jurisdiction. *Avocent,* 552 F.3d at 1328-29; *see also Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992); *Time Share Vacation Club v. Atlantic Records, Ltd.,* 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Applying these alternative standards to the facts before this Court, neither general nor specific jurisdiction can be established over Elekta AB or Elekta Limited. Neither Elekta AB nor Elekta Limited has a systematic, substantial, and continuous presence in Delaware, and neither has the minimum contacts required to establish limited or specific personal jurisdiction in Delaware.

**B.     Neither Elekta AB nor Elekta Limited Is Subject to General Personal Jurisdiction in Delaware**

For foreign entities like Elekta AB and Elekta Limited, general jurisdiction will only be found in an "exceptional case." *MacQueen v. Hunting Ingalls, Inc.,* 134 F. Supp. 3d 803, 805-06 (D. Del. 2015).

Best Medical cannot satisfy the requirements for general jurisdiction over Elekta AB or Elekta Limited because neither Elekta AB nor Elekta Limited has "continuous and substantial contacts" with Delaware that are "akin to those of a local enterprise that actually is 'at home' in the State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 769 (2014); *see also Provident*, 819 F.2d at 437 (general jurisdiction requires "'continuous and systematic' contacts with the forum state," and "mere minimum contacts" will not suffice).

In making this assessment, courts consider a variety of factors, including whether the defendant conducts business in the forum state, maintains a place of business or is licensed or registered to do business in the forum state, or maintains a bank account in the forum state.

Best Medical has not shown that either Elekta AB or Elekta Limited has such systematic and continuous contacts that they can be considered "at home" in Delaware. Best Medical does not allege that either Elekta AB or Elekta Limited has any physical presence in Delaware, is incorporated or does business in Delaware, or maintains any bank account in Delaware. And as demonstrated by the declarations provided in support of this motion, they do not.

Elekta AB is a foreign company incorporated under the laws of Sweden with its principal place of business in Stockholm, Sweden. Bolander Decl. at ¶¶2-3. Elekta AB does not own or lease any property, facilities, or offices in Delaware, has no employees in Delaware, and does not maintain any bank accounts in Delaware. Bolander Decl. at ¶4, ¶9, and ¶11. Elekta AB does not import or export any of the accused products to or from Delaware, and is not registered to and

does not conduct business in Delaware. Bolander Decl. at ¶¶4-6, 8. Elekta AB maintains its own Board of Directors separate from the other Elekta entities and controls its own day-to-day business. Bolander Decl. at ¶9 and ¶12.

Similarly, Elekta Limited is also a foreign company, incorporated in the United Kingdom with its principal place of business located in Crawley, England. Wort Decl. at ¶¶2-3. Elekta Limited is not registered to, and does not conduct any business in Delaware, has no bank accounts in Delaware, and has no employees located in Delaware. Wort Decl. at ¶5 ¶9, and ¶11. Elekta Limited does not own or lease any property, offices, or facilities in Delaware. Wort Decl. at ¶4. Elekta Limited sells product to Elekta Inc. in the UK, but does not itself import or export any products into the United States including Delaware. Wort Decl. at ¶5 and ¶8. Elekta Limited further maintains its own Board of Directors. Wort Decl. at ¶9.

It should be noted that Elekta Holdings (US) Inc., a holding company, is a Delaware corporation and a wholly-owned subsidiary of Elekta AB. Bolander Decl. at ¶7. However, the incorporation in Delaware of an affiliated company, in this case Elekta Holdings US, Inc., does not confer general jurisdiction over Elekta AB or Elekta Limited. FAC at ¶20, ¶22, and ¶24; *see Acorda Therapeutics, Inc. v. Mylan Pharms. Inc.*, 78 F. Supp. 3d 572, 592 (D. Del. 2015), *aff'd*, 817 F.3d 755 (Fed. Cir. 2016) (registration of a defendant's wholly-owned subsidiary in Delaware is insufficient on its own to confer general jurisdiction).

Best Medical's conclusory statements that defendants Elekta AB and Elekta Limited are subject to general jurisdiction by this Court are not supported by any facts sufficient to justify this Court exercising general jurisdiction.

### C. Neither Elekta AB Nor Elekta Limited is Subject to Specific Personal Jurisdiction in Delaware

Where, as here, the foreign defendants do not participate in any of the allegedly infringing activities, there are no grounds sufficient to support the exercise of specific personal jurisdiction. *Avocent,* 552 F.3d at 1329 (citing *Burger King Corp.*, 471 U.S. at 475). "This purposeful availment requirement ensures that a defendant will not be hauled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts*, or of the unilateral activity of another party or a third person*." *Id.* (emphasis added).

Best Medical has not satisfied the required elements for establishing specific jurisdiction over either Elekta AB or Elekta Limited. Best Medical must show (1) Elekta AB and Elekta Limited have purposefully directed activities at residents of Delaware, (2) Best Medical's claims arise out of or relate to at least one of those activities in Delaware, and (3) assertion of personal jurisdiction over Elekta AB and/or Elekta Limited is reasonable and fair. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007); *see also Burger King,* 471 U.S. at 476 (quoting *Int'l Shoe,* 326 U.S. at 320, 66 S.Ct. 154).

Neither Elekta AB nor Elekta Limited has purposefully availed itself of the privilege of conducting any activities within Delaware that could give rise to Best Medical's claims for patent infringement in this case. Purposeful availment requires specific "facts indicating that [the defendant] directed . . . conduct toward [the forum state] or undertook . . . continuing obligations with relation to a [forum state] party." *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 477 (3d Cir. 2011).

Best Medical's allegation that Elekta AB has purposefully availed itself of the courts in Delaware by previously bringing counterclaims in the federal courts of the District of Delaware is incorrect. In Civil Action 1:15-cv-00871-LPS (FAC at ¶21), Elekta Inc., not Elekta AB, filed a

compulsory counterclaim against Plaintiff. Elekta AB did not join or bring any separate counterclaim in that case or in any other case in Delaware. Best Medical has not established that Elekta AB has purposefully availed itself of this Court in such a way as to support the exercise of personal jurisdiction over Elekta AB.

Importantly, neither Elekta AB nor Elekta Limited has undertaken any activity in the United States regarding any of the accused products. Bolander Decl. at ¶¶5-6, 8, 14 and 15; Wort Decl. at ¶¶5, 8, 13 and 14. Although Elekta Limited manufactures the hardware portion of the accused product in England, Elekta Limited sells that product and transfers title to that hardware product in England to a different Defendant, Elekta Inc. (a Georgia corporation with its principal place of business in Atlanta, Georgia). Elekta Inc. is the importer of record for the hardware portion of the accused product. *See Declaration of Michael J. Hartman in Support of Elekta Inc.'s Motion to Dismiss or Transfer Venue*, ¶ 11, filed concurrently herewith.

Nor has Elekta AB or Elekta Limited undertaken any activity in Delaware to actively induce infringement and/or contribute to the infringement of any of the asserted patents in Delaware. For example, neither Elekta AB nor Elekta Limited has undertaken any activity in Delaware to create and/or disseminate product information or other materials providing instructions for infringing use. Bolander Decl. at ¶¶8, 14-15; Wort Decl. at ¶¶8, 13-14. Elekta Inc. is the company that is responsible for sales, marketing, and service of Elekta branded products in the U.S. *See Hartman Declaration in Support of Elekta Inc.'s Motion to Dismiss or Transfer Venue* at ¶¶3, 11.

Thus, neither Elekta AB nor Elekta Limited has engaged in any conduct in Delaware that could be reasonably foreseen to make them amenable to personal jurisdiction in Delaware.

## V. CONCLUSION

Elekta AB and Elekta Limited are foreign companies with no operations in Delaware, and Best Medical has not alleged any facts to suggest otherwise. Requiring a company to defend itself in a foreign legal system subjects it to a significant burden. *O'Connor,* 496 F.3d at 324. Given these facts, Elekta AB and Elekta Limited respectfully submit that exercising personal jurisdiction over them in this case would not comport with principles of fair play and substantial justice, that doing so is not legally warranted, and that the claims against them in the First Amended Complaint should be dismissed.

|  |  |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES<br><br>*/s/ Steven J. Balick*<br>_____<br>Steven J. Balick (#2114)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>sbalick@ashbygeddes.com<br>amayo@ashbygeddes.com<br><br>*Attorneys for Defendants* |
| Ronald S. Lemieux<br>Tamara D. Fraizer<br>Vid R. Bhakar<br>Squire Patton Boggs (US) LLP<br>1801 Page Mill Road, Suite 110<br>Palo Alto, CA  94304-1216<br>(650) 856-6500<br><br>Theresa A. Rakocy<br>Squire Patton Boggs (US) LLP<br>4900 Key Tower 127 Public Square<br>Cleveland, OH  44114<br>(216) 479-8500<br><br>Dated:  February 6, 2019 | |