# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELEKTA, INC. and ELEKTA LIMITED, <br><br> Defendants. | Civil Action No. 1:19-cv-03409-MLB <br><br> JURY TRIAL DEMANDED |

## ELEKTA LIMITED'S MOTION FOR RECONSIDERATION OF ORDER FINDING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION MOOT

Defendant Elekta Limited ("Limited") respectfully requests pursuant to Civil Local Rule 7.2 (E) that this Court reconsider its Order (Doc. 98) dated December 27, 2019, denying Limited's Motion to Dismiss for Lack of Personal Jurisdiction as "moot." Although the Court correctly noted that some of the grounds cited in support of Limited's Motion to Dismiss were restricted to whether personal jurisdiction could be established over Limited in the State of Delaware, Plaintiff Best Medical International Inc. ("BMI") also sought to establish personal jurisdiction over Limited in the United States as a whole pursuant to Federal Rule of Civil Procedure 4(k)(2). Limited disputes that it has sufficient contacts with the

1

United States as a whole to support personal jurisdiction under Rule 4(k)(2), and further disputes that the alleged contacts relied on by BMI are sufficient to satisfy the reasonableness and Due Process requirements of the United States Constitution.  Limited respectfully suggests that the sufficiency of its contacts with the United States as a whole, and whether those contacts, if any, are enough to satisfy Constitutional Due Process, are the precise issues left for determination by this Court pursuant to the Delaware Court's Memorandum Order (Doc. 54) ordering the transfer of this case to Georgia.  Had the Delaware Court believed these issues to be mooted or resolved by the transfer to the Northern District of Georgia, there would have been no need to specifically state in the Memorandum Order (Doc. 54) that "Elekta Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction (D.I. 17) shall remain pending for the transferee court."

In support of its Motion, Limited submits the Supplemental Declaration of Steven Wort to clarify Limited's lack of jurisdictionally relevant contacts with the United States as a whole, and further draws the Court's attention to the relevant portions of the previous briefing as follows:

1.

BMI initiated the above-styled litigation on October 16, 2018, by filing a Complaint against Limited and several of its affiliated companies in the District of Delaware (Doc. 1).  Later BMI filed a First Amended Complaint on November 5,

2

2018, against the same parties (Doc. 9).  On February 6, 2019, Elekta AB, Elekta Limited, Elekta Holdings U.S., Inc. and IMPAC Medical Systems, Inc. all filed Motions to Dismiss (and in Elekta, Inc.'s case, in the alternative to transfer to the Northern District of Georgia where it is incorporated and headquartered.) (Docs. 11, 14, 17).  BMI subsequently agreed to dismiss Elekta AB and Elekta Holdings U.S., Inc. (Doc. 28).  The Delaware Court granted IMPAC Medical System's motion to dismiss and Elekta, Inc.'s motion to transfer on July 23, 2019 (Doc. 52). Elekta Limited was also transferred to the Northern District of Georgia, but on the express condition that its pending motion to dismiss would be heard and decided by this Court (Doc. 54).

2.

On December 27, 2019, this Court issued an Order finding Limited's Motion to Dismiss "moot" since the case was now in Georgia, not Delaware (Doc. 98). However, one of the grounds raised by BMI, and challenged by Limited, sought to establish personal jurisdiction over Limited under Federal Rule of Civil Procedure 4(k)(2).  Federal Rule of Civil Procedure 4(k)(2) allows a District Court to exercise personal jurisdiction over a party even if that party has insufficient contacts with any specific state to establish personal jurisdiction, as long as it has sufficient contacts with the United States as a whole to justify the exercise of personal jurisdiction under the Federal long-arm statute.  See <u>M-1 Drilling Fluids UK Ltd.</u>

3

v. Dynamic Air Ltd., 890 F.3d 995, 999 (Fed. Cir. 2018). This ground was at issue in the pending motion, and not mooted by the transfer to Georgia, but was not addressed by the Court in its Order.

3.

Limited seeks reconsideration of this Court's December 27, 2019 Order to address the Federal Rule of Civil Procedure 4(k)(2) issue. Pursuant to Local Rule 7.2(E), a party may seek reconsideration of an Order within 28 days if it is "absolutely necessary" to: "(1) present newly discovered evidence; (2) inform the Court of an intervening development or change in controlling law; or (3) correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258 (N.D. Ga. 2003); see also Wilson v. Regions Fin. Corp., 347 F. Supp. 3d 1241, 1245 (N.D. Ga. 2016). Here, Limited respectfully seeks reconsideration to correct the Court's oversight of the Rule 4(k)(2) issue and asks the Court to address: (1) the foundational issue of whether BMI has established that Limited has sufficient contacts with the United States as a whole to satisfy the requirements of Rule 4(k)(2); and (2) whether those contacts are sufficient to withstand a Constitutional Due Process and reasonableness analysis in order to support personal jurisdiction. See Jackman v. Hasty, 2011 U.S. Dist. LEXIS 131911 (N.D. Ga. November 15, 2011) (motion for reconsideration appropriate and granted when an assumption central to the original analysis proved to be incorrect).

4.

For the Court's convenience, these issues are addressed in Defendants' Opening Brief in Support of Limited's Motion to Dismiss for Lack of Personal Jurisdiction (Doc.12) at 6-9; Plaintiff's Answering Brief in Opposition to Defendant Elekta Limited's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 27) at 12-15; and Elekta Limited's Reply Brief in Support of Motion to Dismiss (Doc. 34) at 6-10.

Limited also submits the Supplemental Declaration of Steven Wort in Support of Elekta Limited's Motion to Dismiss (Doc. 103-1) to make it clear that Limited has no jurisdictionally relevant contacts with the United States.  In summary, Limited is a U.K. company located in Crawley, England, that has no officers, directors, employees, agents, facilities or bank accounts in the United States, nor is it registered to do business anywhere in the United States.  Wort Supplemental Declaration at paragraphs 2-11 (Doc 103-1).  Although the earlier declaration submitted by Mr. Wort focused on the lack of contacts with Delaware (since that was where the case was pending at that time), in fact, the same statements are true of the United States as a whole.  As clearly stated in footnote 1 on page 6 of the Reply Brief (Doc. 34), Limited does not sell or offer for sale in the United States, nor does it import to the United States any product alleged to infringe the patents at issue in this case.  Rather, Limited manufactures products in

the United Kingdom and sells them in Europe, directly or indirectly, to Elekta, Inc., a Georgia company headquartered and located in Atlanta and a defendant in this action. Elekta, Inc., the Georgia company, takes title to the products in Europe and imports those products into the United States for distribution and sale. *See* Hartman Declaration in Support of Motion to Dismiss or Transfer (Doc. 16) at paragraphs 10 and 11.

6.

It is also important to note that as an alternative argument, the conditional consents to jurisdiction in Georgia by Limited found in the Reply Brief (Doc 34) at 2, and 8-9, are expressly conditioned on the Court's finding that Limited has sufficient contacts with the United States overall to satisfy the requirements of Rule 4(k)(2). Should the Court not find sufficient contacts with the United States as a whole to support such jurisdiction, Limited respectfully requests the Court to grant its Motion to Dismiss.

7.

Based on the evidence of record before this Court, Defendant Elekta Limited respectfully requests this Court to reconsider its Order (Doc. 98) finding Limited's Motion to Dismiss for Lack of Personal Jurisdiction to be moot, and address the Rule 4(k)(2) and Due Process issues specifically left pending by the Delaware Court at the time of transfer.

Respectfully submitted,

Dated: January 15, 2020

By: */s/ Ronald S. Lemieux*
Petrina A. McDaniel
Georgia Bar No. 141301
petrina.mcdaniel@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1230 Peachtree Street NE
Suite 1700
Atlanta, GA  30309
Telephone:  (678) 272-3224
Facsimile:  (678) 272-3211

Ronald S. Lemieux *(Admitted Pro Hac Vice)*
ronald.lemieux@squirepb.com
Tamara D. Fraizer *(Admitted Pro Hac Vice)*
tamara.fraizer@squirepb.com
Vid R. Bhakar *(Admitted Pro Hac Vice)*
vid.bhakar@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, CA  94304-1043
Telephone:  (650) 956-6500
Facsimile:  (650) 843-8777

Christopher W. Adams *(Admitted Pro Hac Vice)*
christopher.adams@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
2550 M Street NW
Washington, DC 20037
Telephone:  (202) 457-6326

Theresa Rakocy *(Admitted Pro Hac Vice)*
theresa.rakocy@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower 127 Public Square
Cleveland, OH  44114
Telephone:  (216) 479-8500

## CERTIFICATION UNDER L.R. 7.1.D.

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is a computer document and was prepared in Times New Roman 14 point font, as mandated in Local Rule 5.1.C.

*/s/ Ronald S. Lemieux*
Ronald S. Lemieux

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the **ELEKTA LIMITED'S MOTION FOR RECONSIDERATION OF ORDER FINDING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION MOOT** to all counsel of record via the Court's CM/ECF system.

This 15th day of January, 2020.

>  */s/ Ronald S. Lemieux*
>  Ronald S. Lemieux

010-8957-8603/1/AMERICAS