# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELEKTA, INC. and ELEKTA LIMITED, <br><br> Defendants. | Civil Action No. 1:19-cv-03409-MLB <br><br> JURY TRIAL DEMANDED |

# DECLARATION OF TAMARA D. FRAIZER IN SUPPORT OF ELEKTA'S MOTION TO STAY CASE PENDING *INTER PARTES* REVIEW

I, TAMARA D. FRAIZER, declare as follows:

1. I am a partner with the law firm Squire Patton Boggs (US) LLP, and am counsel of record in this matter for Defendants Elekta, Inc., and Elekta Limited. I have personal knowledge of the facts stated herein and if called as a witness could competently testify thereto.

2. I submit this declaration in support of Elekta, Inc.'s Motion to Stay Case Pending *Inter Partes* Review.

3. On October 16, 2018, BMI filed a complaint in the District of Delaware, Civil Action 1:18-cv-01599, against Varian Medical Systems, Inc. and Varian Medical Systems International AG ("Varian"), alleging that Varian infringes U.S. Patent Nos. 6,393,096 ("the '096 Patent"), 6,038,283 ("the '283 Patent"), 7,015,490 ("the '490 Patent") and 7,266,175 ("the '175 Patent") by making, using, selling, offering to sell, and/or importing Varian LINACS "in conjunction with" Varian's radiation therapy treatment planning software.

4. Upon the transfer of BMI's case against Elekta to the Northern District of Georgia, the parties in both of BMI's litigations (BMI, Elekta, and Varian) agreed to continue following the Scheduling Order issued by the Delaware Court until a new schedule, consistent with this Court's calendar and this District's Local Patent Rules, could be entered. A new Scheduling Order has not yet been entered.

5. As required by the District of Delaware's Local Patent Rules, BMI produced copies of the patent files and invention documents in June 2019, and Elekta produced its core technical documents—including the source code for Monaco®, the treatment planning software at issue in this case—in July 2019.

6. BMI served requests for production of documents in June 2019; Elekta served document requests and interrogatories in August 2019; and BMI served interrogatories in October 2019. Subject to their objections, the parties responded to interrogatories and produced documents. BMI served a few further requests in January 2020.

7. The parties agreed on procedures for ESI discovery, but the parties have not yet conducted any ESI discovery.

8. No depositions have been noticed or taken in this litigation.

9. BMI provided initial infringement contentions on August 30, 2019. Pursuant to Local Patent Rule 4.2, on September 27, 2019, Elekta provided noninfringement charts. Elekta provided initial invalidity contentions on November 8, 2019.

10. On October 18, 2019, Elekta filed four petitions with the Patent Trial and Appeal Board (PTAB) of the US Patent and Trademark Office (Patent Office), seeking *Inter Partes* Review (IPR) of all four asserted patents: IPR2020-00074 on

the '096 Patent, IPR2020-00070 on the '283 Patent, IPR2020-00067 on the '490 Patent, and IPR2020-00073 on the '175 Patent.

11. On October 17 and October 18, 2019, Varian filed or attempted to file (see ¶¶ 22-23 below) six petitions with the PTAB seeking IPR of all four asserted patents: IPR2020-00071 and IPR2020-00072 on the '096 Patent, IPR2020-00075 on the '283 Patent, IPR2020-00076 on the '490 Patent, IPR2020-00067 on the '490 Patent, and IPR2020-00053 and IPR2020-00077 on the '175 Patent.

12. The parties exchanged claim construction briefs as follows: BMI's Opening Brief was served on January 10, 2020; Elekta's Responsive Brief was served February 14, 2020; BMI's Reply Brief was served February 25, 2020; and Elekta's Sur-reply Brief was served March 13, 2020.

13. On April 17, 2020, the PTAB issued its decision regarding institution of IPR2020-00053 on the '175 Patent. Attached as **Exhibit A** is a true and correct copy of the PTAB's Decision Denying Institution of *Inter Partes* Review based on this petition, including its assessment and construction of the claim term "intensity map."

14. On April 17, 2020, the PTAB issued its decision regarding institution of IPR2020-00077 on the '175 Patent. Attached as **Exhibit B** is a true and correct copy of the PTAB's Decision Denying Institution of *Inter Partes* Review based on the petition filed in this proceeding.

15. On April 17, 2020, the PTAB issued its decision regarding institution of IPR2020-00073 on the '175 Patent. Attached as **Exhibit C** is a true and correct copy of the PTAB's Decision Denying Institution of *Inter Partes* Review based on the petition filed in this proceeding.

16. On April 24, 2020, the PTAB issued its decision regarding institution of IPR2020-00076 on the '490 Patent. Attached as **Exhibit D** is a true and correct copy of the PTAB's Decision Granting Institution of *Inter Partes* Review based on the petition filed in this proceeding.

17. On April 24, 2020, the PTAB issued its decision regarding institution of IPR2020-00067 on the '490 Patent. Attached as **Exhibit E** is a true and correct copy of the PTAB's Decision Denying Institution of *Inter Partes* Review based on the petition filed in this proceeding.

18. On May 1, 2020, the PTAB issued its decision regarding institution of IPR2020-00070 on the '283 Patent. Attached as **Exhibit F** is a true and correct copy of the PTAB's Decision Denying Institution of *Inter Partes* Review based on the petition filed in this proceeding, interpreting the claim language narrowly and consistent with Elekta's claim construction positions in this proceeding.

19. On May 1, 2020, the PTAB issued its decision regarding institution of IPR2020-00074 on the '096 Patent. Attached as **Exhibit G** is a true and correct copy of the PTAB's Decision Denying Institution of *Inter Partes* Review based on

the petition filed in this proceeding, interpreting the claim language narrowly and consistent with Elekta's claim construction positions in this proceeding.

20. On May 1, 2020, the PTAB issued its decision regarding institution of IPR2020-00071 on the '096 Patent. Attached as **Exhibit H** is a true and correct copy of the PTAB's Decision Granting Institution of *Inter Partes* Review based on the petition filed in this proceeding.

21. On May 1, 2020, the PTAB issued its decision regarding institution of IPR2020-00072 on the '096 Patent. Attached as **Exhibit I** is a true and correct copy of the PTAB's Decision Granting Institution of *Inter Partes* Review based on the petition filed in this proceeding.

22. Varian attempted to file an IPR petition against U.S. Patent No. 6,038,283 on October 18, 2019, but inadvertently filed a duplicate Power of Attorney instead of its petition brief. Attached as **Exhibit J** is a true and correct copy of the IPR petition that it filed (later) in this proceeding, with a motion to correct its error.

23. On May 1, 2020, the PTAB denied Varian's motion to correct, and further denied Varian's IPR petition on those procedural grounds. Attached as **Exhibit K** is a true and correct copy of the PTAB's Decision Denying Motion to Correct Petition and Denying Institution of *Inter Partes* Review based on the petition in this proceeding.

24. Separate from its IPR petitions, on December 23, 2019, Varian requested *ex parte* reexamination of U.S. Patent No. 6,393,096 for statutory and obviousness-type double patenting compared to U.S. Patent No. 6,038,283. The Patent Office granted Varian's request in an Office communication with a mailing date of January 29, 2020. Attached as **Exhibit L** is a true and correct copy of the Patent Office's Order Granting Request for *Ex Parte* Reexamination.

25. The '096 Patent does not claim priority to the earlier filed '283 Patent, but substantial portions of their text is identical, and their Asserted Claims include the same or similar limitations, and use the same or similar language.

26. The '175 Patent incorporates the '096 Patent by reference in its entirety and the disclosures in the '096 Patent were relied upon in various responses submitted by the patent applicant during prosecution.

27. On May 1 and May 26, 2020, counsel for Varian and BMI (including Northern District of Georgia counsel) met and conferred over the phone regarding BMI's request to extend dates and the need to clarify the case schedule, and Elekta's request to stay the case pending the IPR proceedings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 29, 2020          By: _____
                                 Tamara D. Fraizer