# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELEKTA, INC. and ELEKTA LIMITED, <br><br> Defendants. | Civil Action No. 1:19-cv-03409-MLB <br><br> JURY TRIAL DEMANDED |

## ELEKTA, INC.'S RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION TO FILE UNDER SEAL (DKT. 132)

## I. INTRODUCTION

Defendant Elekta, Inc. (collectively "Elekta") submits this Response to Plaintiff Best Medical International, Inc.'s ("Plaintiff" or "Best Medical") Motion to File Under Seal (Dkt. 132). Elekta supports Plaintiff's Motion to File Under Seal because Sealed Exhibit 1 (Dkt. 131) to the Motion is Plaintiff's Infringement Contentions and contains numerous citations and excerpts to Elekta's highly confidential, proprietary technical information that Elekta produced to Plaintiff and designated as either "Highly Confidential – Source Code – Outside Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only." Public disclosure of this highly confidential, proprietary information highly risks very severe harm to Elekta's business. Accordingly, Elekta respectfully requests this Court to grant Plaintiff's Motion (Dkt 132) and order Sealed Exhibit 1 (Dkt. 131) to remain permanently sealed pursuant to the parties' Stipulated Supplemental Protective Order Regarding Source Code (Dkt. 89), the Protective Order (Dkt. 49), Section J of Appendix H to the Civil Local Rules and Federal Rule of Civil Procedure 26(c)

## II. BRIEF BACKGROUND

On July 17, 2019, the Court entered the parties' stipulated Protective Order. Dkt 49. The Protective Order allows the parties to designate "confidential, proprietary, or private information for which special protection from public

disclosure and from unapproved uses may be warranted." *Id*. at Section 1. The Protective Order also allows the parties to designate information which is "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means" as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." *Id*. at Section 2.9. So-designated information includes, for example, "trade secrets, non-public financial information, business and sales strategies, product roadmaps, ongoing research and development materials, sensitive technical materials, and other information of a similar nature." *Id*.

The Protective Order further allows the parties to designate those items defined as "source code" as "HIGHLY CONFIDENTIAL SOURCE CODE– OUTSIDE ATTORNEYS' EYES ONLY" the "disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means[.]" *Id*. at Sections 2.3, 2.4. Source code information designated as "HIGHLY CONFIDENTIAL SOURCE CODE– OUTSIDE ATTORNEYS' EYES ONLY" is so highly confidential that the Court entered the parties' Stipulated Supplemental Protective Order Regarding Source Code (Dkt. 89) on October 2, 2019 to provide specific procedures and limits on the production, inspection , access, copying of such-designated highly confidential

2

information. *See, e.g.*, *Id.* at Sections 8 and 9; *see also*, Dkt. 49 at Section 7 (pp. 11-19).

On June 12, 2020, in connection with its Opposition to Defendants' Motion to Stay (Dkt. 130), Best Medical filed its Motion to File Under Seal seeking to have Sealed Exhibit 1 filed under seal. *See* Dkt. 131 and Dkt. 132. Sealed Exhibit 1 (Dkt 131) is a copy of Plaintiff's Infringement Contentions served on Elekta on August 30, 2019. Declaration of Vid R. Bhakar in support of Elekta's Response to Plaintiffs Motion to File Under Seal ("Bhakar Decl.") at ¶ 3. At the top of every page on the Infringement Contentions, Plaintiff displays the confidentiality designation "HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY." *Id*.

The pages of Plaintiff's Infringement Contentions contain numerous citations to and excepts from Elekta's highly confidential information that was produced to Plaintiff displaying the confidentiality designations "HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" on every page of each produced item. *Id*. at ¶¶ 4, 5, 8. 15. The tables (Bhakar Decl. ¶¶ 7 & 14) provided in the accompanying Bhakar Declaration specifically identify those pages in Plaintiff's Infringement Contentions (Dkt. 131) containing citations to and excerpts to Elekta's "Core Technical Documents" that Elekta produced to

3

Plaintiff bearing the confidentiality designations "HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY." Bhakar Decl. at ¶¶ 6, 7, 8, 9, 10, 14, 15, 16.

### III.   ARGUMENT AND AUTHORITES

Plaintiff's Infringement Contentions (Dkt. 131) should remain under seal for reasons of good cause. The common-law right of access to judicial proceedings "is not absolute" and "may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Determining whether good cause exists calls for "balancing the public interest in accessing court documents against a party's interest in keeping the information confidential[.]" *Id.* at 1246.

Among the considerations relevant to this determination is whether the documents at issue constitute "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In fact, the right of public access generally does not apply to discovery, "as these materials are neither public documents nor judicial records." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). For example, Federal Rule of Civil Procedure 26(c) authorizes the trial court to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed

4

only in a specified way." Fed. R. Civ. P. 26(c). Indeed, courts in this district have allowed parties to file under seal exhibits that contain trade secrets, confidential business information and product specifications. *See, e.g.*, *Chemence Med. Prods. v. Medline Indus., Inc.*, No. 1:13-CV-500-TWT, 2015 U.S. Dist. LEXIS 2958 at *5 (N.D. Ga. Jan. 12, 2015).

Plaintiff's Infringement Contentions (Dkt. 131) contain references to non-public, highly confidential information that is commercially sensitive and valuable to Defendants or has been identified by Defendants as commercially sensitive to their business practices. *See* Bhakar Decl. at ¶¶ 8, 11, 12, 15, 17, 18. In fact, the citations and extracts to Elekta's highly confidential, proprietary information in Plaintiff's Infringement Contentions were directly obtained and copied from documents produced by Elekta during document production in accordance with the protocols and procedures set forth in the July 17, 2019 Protective Order (Dkt 49) and the October 2, 2019 Stipulated Supplemental Protective Order Regarding Source Code (Dkt. 89). *See* Bhakar Decl. at ¶¶ 4, 6,7,8. 9, 10, 13, 14, 15, 16. All of the citations/excepts to Elekta highly confidential, proprietary information in Plaintiff's Infringement Contentions were designated and identified by Elekta as either "HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" pursuant to the Protective Order Dkt. 49) and

5

(Stipulated Supplemental Protective Order Regarding Source Code (Dkt. 89.) *See Id.* at ¶¶ 5, 6, 13.

Given the sensitive and highly confidential nature of the identified Elekta proprietary information contained in Plaintiff's Infringement Contentions, good cause exists for its sealing because the likelihood of injury to Elekta is great if Sealed Exhibit 1 is unsealed and made available to the public. *See Id.* at ¶¶ 11, 12, 17, 18. For example, Elekta's Core Technical Documents identified in this Response contain Elekta trade secrets and confidential research and development efforts that, if made public, could be used by a competitor or the general public to copy proprietary features of Elekta products, as well as allow competitors and other third parties to unfairly and improperly to compare, benchmark supplement, and/or change their technology and product features based on information contained in the Elekta Core Technical Documents, and seriously harm and put Elekta at a competitive disadvantage. *Id.* Thus, such public access by a competitor would give that competitor an unfair competitive advantage in developing similar kinds of products and technologies.

## IV.     CONCLUSION

For the foregoing reasons, Elekta respectfully requests that the Court grant Plaintiff's Motion to File Under Seal and enter an Order to maintain Sealed Exhibit (Dkt. 131) under seal.

Dated: June 26, 2020

By: */s/ Vid R.Bhakar*
　　Petrina A. McDaniel
　　Georgia Bar No. 141301
　　petrina.mcdaniel@squirepb.com
　　SQUIRE PATTON BOGGS (US) LLP
　　1230 Peachtree Street NE
　　Suite 1700
　　Atlanta, GA 30309
　　Telephone: (678) 272-3224
　　Facsimile: (678) 272-3211

　　Ronald S. Lemieux *(Admitted Pro Hac Vice)*
　　ronald.lemieux@squirepb.com
　　Tamara D. Fraizer *(Admitted Pro Hac Vice)*
　　tamara.fraizer@squirepb.com
　　Vid R. Bhakar *(Admitted Pro Hac Vice)*
　　vid.bhakar@squirepb.com
　　SQUIRE PATTON BOGGS (US) LLP
　　1801 Page Mill Road, Suite 110
　　Palo Alto, CA 94304-1043
　　Telephone: (650) 956-6500
　　Facsimile: (650) 843-8777

　　Christopher W. Adams *(Admitted Pro Hac Vice)*
　　christopher.adams@squirepb.com
　　SQUIRE PATTON BOGGS (US) LLP
　　2550 M Street NW
　　Washington, DC 20037
　　Telephone: (202) 457-6326

　　Theresa Rakocy *(Admitted Pro Hac Vice)*
　　theresa.rakocy@squirepb.com
　　SQUIRE PATTON BOGGS (US) LLP
　　4900 Key Tower 127 Public Square
　　Cleveland, OH 44114
　　Telephone: (216) 479-8500

## CERTIFICATION UNDER L.R. 7.1.D.

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D., the undersigned counsel certifies that the foregoing filing is a computer document and was prepared in Times New Roman 14 point font, as mandated in Local Rule 5.1.C.

*Vid R. Bhakar*

010-9090-6661/1/AMERICAS

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the **ELEKTA, INC.'S RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION TO FILE UNDER SEAL (DKT. 132)** to all counsel of record via the Court's CM/ECF system.

This 26th day of June 2020.

                                                   *Vid R. Bhakar*