IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Best Medical International, Inc.,

                    Plaintiff,        Case No. 1:19-cv-03409

v.                                Michael L. Brown
                                    United States District Judge

Elekta Inc. & Elekta Ltd.,

                    Defendants.

_____/

## ORDER

Defendant Elekta Limited ("Limited") moved to dismiss this case for lack of personal jurisdiction. (Dkt. 17.) The Court denied that motion as moot. (Dkt. 98.) Defendant Limited moves for reconsideration. (Dkt. 103.) The Court grants Limited's Motion for Reconsideration in part, specifically to allow the parties to engage in jurisdictional discovery and re-present jurisdictional arguments and evidence to the Court.

## I.    Background

Plaintiff Best Medical International, Inc. owns several patents that govern radiation therapy for the treatment of tumors. (Dkt. 9 ¶¶ 2–5.) Plaintiff alleges Limited has products — such as the Precise Treatment,

Versa HD, Infinity, Synergy, Compact, and Monaco treatment systems — that violate its patents.  (*Id.* ¶ 15.) Plaintiff also alleges Limited advertises and offers to sell infringing products in the United States.  (*Id.* ¶ 24.)

Plaintiff originally sued Defendants Elekta Inc. and Elekta Limited in Delaware.[1]  Defendant Elekta Inc. moved to dismiss for lack of venue and failure to state a claim.  (Dkt. 11.)  Limited moved to dismiss for lack of personal jurisdiction.  (Dkt. 17.)  In support of its motion, Limited submitted the declaration of its Managing Director, Steven Wort.  (Dkt. 20.)  He testified that Limited is a British corporation that has no offices in Delaware and conducts no business in Delaware.  (*Id.*)  Plaintiff responded, arguing in part that the court had jurisdiction through the Federal Long Arm Statute, Rule 4(k)(2) of the Federal Rules of Civil Procedure. (Dkt. 27.) Limited contested that argument in its reply. (Dkt. 34.)

---

[1] Plaintiff also sued Elekta AB, Elekta Holdings U.S., Inc., and IMPAC Medical Systems, Inc.  (Dkt. 1.)  Plaintiff voluntarily dismissed Elekta AB and Elekta Holdings U.S., Inc.  (Dkts. 24; 25.)  The Delaware Court dismissed IMPAC Medical Systems, Inc. for failure to state a claim.  (Dkt. 51 at 5.)

The Delaware Court ruled on both Defendants' motions.  That court denied Defendant Elekta Inc.'s motion to dismiss for failure to state a claim but found Delaware to be an improper venue.  (Dkt. 51 at 7, 10.) Rather than dismiss the case, that court transferred it to the Northern District of Georgia.  (*Id.* at 10.)  The court discussed whether to sever the case and transfer only Elekta Inc. or to transfer both Elekta Inc. and Elekta Limited.  (*Id.*)  The court noted that Limited had consented to transfer to the Northern District of Georgia if the court found sufficient contacts between it and the United States as a whole.  (*Id.* at 10–11.)  The court allowed Limited and Best to discuss whether they consented to the transfer of claims against Limited to the Northern District of Georgia. (*Id.*)  In a joint letter, the parties consented to that transfer so long as the Georgia Court would address the pending motion to dismiss.  (Dkt. 53.) The Delaware Court then transferred the case.  (Dkt. 54.)

This Court addressed Limited's motion to dismiss for lack of personal jurisdiction.  (Dkt. 98.)  The Court found that the motion to dismiss made Delaware-specific arguments and since the case is now in Georgia, those arguments were moot.  Limited moves for reconsideration. Limited asks the Court to address (1) whether Plaintiff has established

that Defendant Elekta Limited has sufficient contacts with the United States as a whole to satisfy the requirements of Rule 4(k)(2); and (2) whether those contacts can withstand a Constitutional Due Process and reasonableness analysis to support personal jurisdiction. With this motion for reconsideration, Limited submits a supplemental declaration of Mr. Wort. (Dkt. 103-1.)  In it, Mr. Wort states that Limited is a British corporation that has no offices and conducts no business — not only in Delaware — but in the entire United States. (*Id.*)

## II.  Standard of Review

Because of the interest in finality, courts discourage motions for reconsideration.  Under Local Rule 7.2(E), motions for reconsideration "shall not be filed as a matter of routine practice," LR 7.2(E), NDGa, and should be brought only when "absolutely necessary." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258 (N.D. Ga. 2003).  "Reconsideration is only 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Id.*  For the third factor, a clear error consists of a manifest error of law or fact "made despite a clear presentation of the issue by the party seeking reconsideration." *Paper*

*Recycling, Inc. v. Amoco Oil Co.*, 856 F. Supp. 671, 678 (N.D. Ga. 1993), *on reconsideration* (Dec. 14, 1993).

Movants should not bring motions for reconsideration to show the court how "it could have been done better"; to "present the court with arguments already heard and dismissed"; or to test new legal theories movants could have at first brought. *See Bryan*, 246 F. Supp. 2d at 1259 (internal quotations and citation omitted). Of course, that is exactly what Limited did here – having briefed the issue of its contacts with Delaware, it then moved for reconsideration with an entirely new affidavit focusing on its lack of contacts with the United States.

## III.   Discussion

The issue here is whether this Court has personal jurisdiction over Limited through the Federal Long Arm Statute. Under that rule, "[f]or a claim that arises under federal law, serving a summons . . . establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). So, for a court to exercise personal jurisdiction over a defendant under that rule, the plaintiff's

claim must (1) arise under federal law, (2) the defendant must not be subject to jurisdiction in any state's courts of general jurisdiction, and (3) exercise of jurisdiction must comport with due process. *See Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1412 (Fed. Cir. 2009).[2]

Limited does not contest Rule 4(k)(2)'s first two requirements. In fact, Limited consents to jurisdiction in Georgia if this Court finds enough contacts between it and the United States. Even without that consent, Plaintiff has established Rule 4(k)(2)'s first two requirements. First, Plaintiff makes patent infringement claims in violation of 35 U.S.C. § 271(a). These are federal claims, and this Court thus has subject matter jurisdiction. *See* 28 U.S.C. § 1331 (conferring original jurisdiction to federal district courts over "all civil actions arising under the

---

[2] The Federal Circuit has exclusive jurisdiction over an appeal from a district court when that court's jurisdiction is based at least in part on a claim arising under the patent laws of the United States. *See* 28 U.S.C. §§ 1295(a), 1338(a). For determining personal jurisdiction for the purpose of compliance with federal due process, the Court thus applies Federal Circuit caselaw. *See Touchcom*, 574 F.3d at 1409–10 ("While we defer to the interpretation of a state's long arm statute given by that state's highest court, particularly whether or not the statute is intended to reach the limit of federal due process, when analyzing personal jurisdiction for purposes of compliance with federal due process, Federal Circuit law, rather than regional circuit law, applies." (quotation marks and citation omitted)).

Constitution, laws, or treaties of the United States"); § 1338 (stating that

U.S. district courts possess subject matter jurisdiction over civil actions

that "aris[e] under any Act of Congress relating to patents").

Second, under the Federal Circuit's test, Limited is not subject to

personal jurisdiction in any other state.  In *Touchcom*, the Federal

Circuit explained that, if a plaintiff claims the court has jurisdiction

under Rule 4(k)(2), the defendant bears the burden of avoiding

jurisdiction in that forum.  574 F.3d at 1415.  That means the defendant

can "avoid the application of the rule only when it designates a suitable

forum in which the plaintiff could have brought suit."  *Id.*  The only

statement Limited makes on this prong is that it will submit to

jurisdiction in Georgia if the Court finds enough contacts between the

United States and Limited to comport with due process.  (*See* Dkt. 34 at

13–14.)  Since Limited has not named another state where Plaintiff could

have filed suit, Plaintiff has established the second requirement.

The parties dispute whether Plaintiff's claims comport with due

process, the third requirement.  For personal jurisdiction, due process

requires a defendant to have "minimum contacts with [the forum] such

that the maintenance of the suit does not offend 'traditional notions of

fair play and substantial justice.' " *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). To have minimum contacts, "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [ ], thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (quotation marks omitted). "Rule 4(k)(2) 'contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits." *Touchcom*, 574 F.3d at 1416.

"Depending on their nature and number, a defendant's contacts with a forum can provide a court with general jurisdiction or specific jurisdiction." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009). Plaintiff argues only that the Court has specific jurisdiction over Limited. The Federal Circuit uses a three-factor test for establishing specific jurisdiction under Rule 4(k)(2).

That test considers whether "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair." *Elecs. for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1350 (Fed. Cir. 2003).  Under this test, a court may properly assert specific jurisdiction, so long as the cause of action arises out of or relates to those contacts, even if the contacts are isolated and sporadic. *Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1200 (Fed. Cir. 2003).  In fact, a "single act can support jurisdiction" if it creates a "substantial connection" with the forum.  *Burger King,* 471 U.S. at 475 n.18 (citing *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 223 (1957)).

Boiled down, Limited denies that it has any contacts with the United States.  It claims it does not offer any products for sale in the United States and does not import any products that Plaintiff claims infringe the patents at issue in this case.[3] (Dkts. 103 ¶ 4; 103-1.) Rather,

---

[3] The Court recognizes that the original affidavit Mr. Wort filed stated that Limited had no contacts with Delaware, not the United States. (*See* Dkt. 20.)  Generally, motions for reconsideration are not the time to submit new evidence. *See Bryan*, 246 F. Supp. 2d at 1259.  That said, the Court is not convinced that the Amended Complaint alleges sufficient contacts between Limited and the United States such that this Court could exercise jurisdiction.

Limited claims it manufactures products in the United Kingdom and then sells them "directly or indirectly" to Defendant Elekta, Inc., a Georgia company. (Dkts. 12 at 6; 103 ¶ 4.) This admission seems to implicate the stream of commerce theory, specifically the idea that a foreign company purposefully directs its actions at a local forum by shipping the product at issue into the forum through an established distribution channel. In *Energy Transportation Group, Inc. v. William Demant Holding A/S*, for example, the court found it had personal jurisdiction over a foreign defendant when that defendant "acted in consort with its subsidiaries to place the accused products in the stream of commerce, it knew that the accused products foreseeably would be sold in the United States and Delaware; and [the defendant's] conduct and connections with the forum state were such that it should reasonably have anticipated being brought to court [there]." No. 05-cv-00422, 2008 WL 78748, at *8 (D. Del. Jan. 4, 2008). In *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994), the Federal Circuit also found "all of the necessary ingredients" for the district court to exercise personal jurisdiction when "defendants, acting in consort, placed the [alleged infringing products] in the stream of commerce, they knew

the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there."

The Court could almost infer, based on what Limited admits, that Limited acted in consort with Elekta Inc., placed infringing products into the stream of commerce through Elekta Inc., and knew these products would be sold in the United States.  Plaintiff, however, has not expressly alleged this.  In the amended complaint, Plaintiff claims Limited itself advertises, makes products, and then imports them into the United States.  (Dkt. 9 ¶¶ 16–25.)  Plaintiff does not claim that Limited uses Elekta Inc. as an established distribution channel to import allegedly infringing products.  What is more, the courts in *Energy Transportation Group* and *Beverly Hills Fan Company* relied on substantial evidence of shared activity between the foreign company and the domestic company to determine jurisdiction.  Perhaps due to the stage of the case and the fact that Limited raised the issue of its contacts with the United States only in its motion for reconsideration, the Court does not have similar facts to consider.

Even so, Plaintiff's claim suggests that Limited could have the required jurisdictional contacts with the United States such that this Court could assert personal jurisdiction over it. And in the event the Court was unprepared to exercise jurisdiction, Plaintiff requests jurisdictional discovery. "[A] plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction." *Luc v. Korean Air Lines Co.*, No. 1:18-cv-05900, 2019 WL 7824584, at \*2 (N.D. Ga. June 4, 2019) (quotation marks and citation omitted); *see Tillotson Corp. v. Top Glove Sdn. Bhd.*, No. 4:05-cv-0232, 2006 WL 3709559, at \*3 (N.D. Ga. Nov. 27, 2006) ("[I]f the district court concludes that the existing record is inadequate to support personal jurisdiction, then the court may order jurisdictional discovery if the plaintiff demonstrates that it can supplement its jurisdictional allegations through discovery." (internal quotation marks and citation omitted)). The Court grants that request. There is a disputed issue of whether Limited has enough contacts with the United States such that this Court can exercise personal jurisdiction. And, Limited presented new evidence in its motion for reconsideration that Plaintiff has not had the opportunity to explore through jurisdictional discovery. The parties may thus conduct

jurisdictional discovery, particularly on Limited's contacts with the United States and its relationship with Defendant Elekta Inc.

## IV.    Conclusion

The Court **GRANTS IN PART** Defendant Elekta Limited's Motion for Reconsideration (Dkt. 103), specifically to allow the Court to reconsider whether it has jurisdiction. The parties, however, have not properly presented the issue to the Court at this point.  The Court thus also **GRANTS** Plaintiff's request for jurisdictional discovery.  (Dkt. 27 at 20.)  The parties shall have up to and including October 23, 2020, in which to engage in discovery limited to the jurisdictional issues raised. The Court does not anticipate extending this deadline and urges the parties to bring any discovery disputes to the Court without delay. Defendant Elekta Limited may file a motion to dismiss within twenty (20) days of the close of jurisdictional discovery.  Plaintiff may respond within ten (10) days, and Defendant Elekta may file a reply to Plaintiff's response within ten (10) days thereafter.

**SO ORDERED** this 24th day of August, 2020.



MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE